**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
JASON C. BARRON, ESQ.
Nevada Bar No. 07270
jbarron@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SEAN FEELY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, a foreign limited liability company; and COMPASS RESOLUTION SERVICES, LLC, a foreign limited liability company,<br><br>Defendants. | Case No.: 2:13-cv-00634-RCJ-CWH |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**Introduction and Statement of Issues**

Plaintiff, Sean Feely ("Plaintiff"), defaulted in 2011 on his loan for the property located at 8160 White Mill Ct., Las Vegas, Nevada 89131 ("subject property") which was foreclosed via trustee sale on or about July 3, 2012. Following the foreclosure, Defendants Carrington Mortgage Services and Compass Resolution Services (Defendants) attempted to collect on an alleged balance due, presumably from the foreclosure of the subject property. Defendants' communications with Plaintiff violated Plaintiff's federal Fair Debt Collection Practices Act ("FDCPA") rights. As such, Plaintiff retained counsel in or around January 2013, in order to protect his consumer rights. A Complaint was filed on April 15, 2013, and Defendants filed an Answer on or about June 6, 2013. Approximately 13 months after Plaintiff was forced to retain

counsel, the parties entered into a settlement on March 5, 2014 as set forth in the Notice of Settlement on file herein. Plaintiff now seeks an award of attorneys' fees and costs under the fee-shifting provision included in the FDCPA. In considering his request, this Court need address the following straightforward issue:

> The FDCPA mandates an award of reasonable attorneys' fees to a successful consumer-plaintiff based on "the product of reasonable hours times a reasonable rate"—the lodestar calculation. This Court entered final judgment in Plaintiffs' favor after their attorneys spent 47.5 hours litigating their claims at hourly rates ranging from $135 to $305— significantly less than the average rate charged by Nevada consumer protection attorneys. Given that Plaintiffs' attorneys present sufficient evidence to support their time entries and rates, are Plaintiffs entitled to the lodestar amount of $11,740.50 as compensation for attorneys' fees incurred in connection with the diligent and successful prosecution of their claims?

**Statement of Procedure and Settlement History**

Beginning on or about October 15, 2013, counsel for Plaintiff and Defendants discussed the possibility of settlement. Over the course of several correspondence, it was agreed Plaintiff would get his $1,000 statutory damages, and Defendants would 1) deem the debt uncollectable and 2) remove the tradelines from Plaintiff's credit. At issue were attorney fees related to Plaintiff's counsel being forced to litigate the matter. Plaintiff's counsel and Defendants' counsel were unable to agree on terms of settlement; and Defendants unnecessarily prolonged the matter by failing to respond timely to Plaintiff's counsel. Defendants offered a maximum of two-thousand five-hundred dollars ($2,500.00) total, including statutory damages. Plaintiff, at the time, was seeking approximately five-thousand dollars ($5,000.00) to include statutory damages.

In an effort to resolve the matter and avoid further litigation, Plaintiff and Defendants agreed to stipulate to the one-thousand dollars ($1,000.00) in statutory damages as well as Defendants removing the tradeline from Plaintiff's credit and deeming the debt uncollectable. The parties agreed to brief the issue of attorneys' fees for the court to decide. As the parties were unable to resolve the issue of fees and costs, Plaintiff now submits this motion for fees and costs.

# ARGUMENT

**A. The FDCPA mandates an award of attorneys' fees to a successful consumer plaintiff.**

15 U.S.C. § 1692k(a) provides in pertinent part:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person *is liable* to such person in an amount equal to the sum of—
> (3) in the case of any successful action to enforce the foregoing liability, *the costs of the action, together with a reasonable attorney's fee* as determined by the court.

15 U.S.C. § 1692k(a) (emphasis added).

Every circuit court of appeals to consider the FDCPA's fee-shifting provision, including the Ninth Circuit, has held that an award of attorneys' fees to a successful consumer-plaintiff is mandatory. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory."); *French v. Corporate Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007) ("An award of attorney's fees to successful plaintiffs under the FDCPA is obligatory."); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) ("[T]he fee award under § 1692k is mandatory in all but the most unusual circumstances."); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) ("The [FDCPA's] statutory language makes an award of fees mandatory."); *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure of [the FDCPA], attorney's fees should not be construed as a special or discretionary remedy; rather, the **Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.**"); *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and a reasonable attorney's fee.").

**B. An award of attorneys' fees under the FDCPA is not conditioned upon, and need not be proportionate to, the amount of damages recovered.**

Awards of reasonable attorneys' fees under federal statutes that include fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

damages." *City of Riverside v. Rivera,* 477 U.S. 561, 576 (1986); *see also Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir. 1991) ("We believe we made it clear that we were not departing from the recognized principle that the fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it.").

Echoing the Supreme Court's directive in the context of an action filed under the FDCPA, courts recognize that "[t]he disparity between the final award of damages and the attorneys' fees and expenses sought in this case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims." *Turner v. Oxford Mgmt. Services, Inc.*, 552 F. Supp. 2d 648, 656 (S.D. Tex. 2008); *see, e.g.*, *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 826 (D. Ariz. 2010) ("for Congress's private attorney general approach to succeed in the context of FDCPA cases, attorney fees must not hinge on a percentage of actual damages awarded."); *Jones v. White*, No. 03-2286, 2007 WL 2427976, at *6 (S.D. Tex. Aug. 22, 2007) (awarding $265,769.15 for attorneys' fees incurred in connection with claims under the Americans with Disabilities Act, where the court awarded only $100 in statutory damages).

Indeed, a rule limiting an award of attorneys' fees to an amount proportionate to damages recovered would seriously undermine the mechanism that Congress chose to enforce the FDCPA. Congress included a mandatory fee-shifting provision in the FDCPA because it "chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Tolentino*, 46 F.3d at 651; *Camacho*, 523 F.3d at 978 ("In order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side. . . . . The FDCPA is one such statute.") (internal citation omitted). The purpose of the FDCPA's statutory fee-shifting provision is to benefit consumer-plaintiffs by allowing them to obtain counsel in order to pursue redress for relatively small claims. Noteworthy, by providing the private bar with incentive to involve itself in consumer litigation through fee-shifting, the federal government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616 FAX: (702) 943-1936

1  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it
2  is necessary that counsel be awarded fees commensurate with those which they could obtain by
3  taking other types of cases." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008)
4  (quoting *Tolentino*, 46 F.3d at 653). That "**commensurate" fee is best measured by "what that**
5  **attorney could earn from paying clients" at a "standard hourly rate."** *Tolentino*, 46 F.3d at
6  653 (emphasis added). Paying counsel less—or, in other words, tying an award of attorneys'
7  fees to the amount of damages awarded—"is inconsistent with the Congressional desire to
8  enforce the FDCPA through private actions, and therefore misapplies the law." *Id.*

**C. Plaintiffs' request for $11,740.50—a product of the hours that their attorneys (and paralegals and law clerks) incurred litigating their claims, multiplied by their hourly rate—is reasonable.**

The "lodestar amount" is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 547 (1986), *supplemented*, 483 U.S. 711 (1987). The Supreme Court recently explained that it has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672-73 (2010) (characterizing the lodestar approach as the "guiding light of our feeshifting jurisprudence" that has "achieved dominance in the federal courts," and endorsing the approach as an alternative to the *Johnson* factors that "placed unlimited discretion in trial judges and produced disparate results").

Plaintiffs' counsel's rates and time sought are broken down as follows:

JAMIE S. COGBURN, ESQ. $305.00 at .7 hrs =   $213.50

JASON C. BARRON, ESQ. $305.00 at 6.9 hrs. = $2,104.50

LARSON A. WELSH. ESQ  $295.00 at 14.2 =   $4,189.00

PAUL CULLEN, ESQ.     $275.00 at 12.6 hrs. = $3,465.00

KRISTIN LITTLE        $135.00 at 13.1 hrs= $1,768.50

**Total Time: 47.5/ Total Fees: $ 11,740.50**

Plaintiff's costs are $499.80 and broken down as follows: Postage: 3.70; Copies 33.60; Fax 2.50; Process Service 110.00; Filing Fee 350.00.

*See* Affidavit of Jamie Cogburn, Esq. attached hereto.

**1. The number of hours that Plaintiffs' attorneys spent litigating their claims is reasonable.**

"Reasonable hours" are those "reasonably necessary to perform the legal services for which compensation is sought." *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 553. "The Federal Rules of Civil Procedure and the implementing rules of individual district courts . . . take a one-size-fits-all approach, and do not provide for procedural short cuts for relatively simple litigation." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1150-51 (9th Cir. 2001). For this reason, when the amount of time spent may at first seem high, "systematic perusal of the actual billing entries will often confirm that the reason for the seemingly high fee was not inefficiency, but careful compliance with the attorneys' responsibilities." *Id.*

    **i.**    **Plaintiffs' attorneys attest that the time they spent litigating her claims was necessary and reasonable.**

"It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Mesa Petroleum Company v. Coniglio*, 629 F.2d 1022, 1030 (5th. Cir. 1980)). "A federal district court may fix attorneys' fees on the basis of affidavits and may even do so on its own experience without any testimony." *Resolution Trust Corp. v. Tassos*, 764 F. Supp. 442, 443 (S.D. Tex. 1990).

After reviewing each itemized time entry included in Plaintiffs' attorneys' statement of services, each of their attorneys attest that that the actual time he or she spent litigating Plaintiffs' claims was necessary and reasonable. *See* Declarations of Plaintiffs' Attorneys, attached as Exhibit 2; and Attorney Biographical Information, attached as Exhibit 3.

    **ii.**    **Plaintiffs is entitled to attorneys' fees incurred litigating her request for attorneys' fees.**

"In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *see also Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978).

**2. Plaintiff's attorneys' hourly rates are reasonable.**

"Reasonable fees" are "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). While determining this rate can be difficult, "the established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.' " *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). This Court has recently found an hourly rate of $350 to be reasonable for attorney time spent on an FDCPA case. *Fitzsimmons v. Rickenbacker Fin., Inc.*, No. 2:11-CV-1315 JCM PAL, 2012 WL 3994477, at *4 (D. Nev. Sept. 11, 2012). Indeed, federal courts spanning the country routinely find hourly rates of $300 or greater to be reasonable in FDCPA cases. Plaintiff's attorneys' rates are comparable with, or below, these rates.

**i. Plaintiff's attorneys' average hourly rate is less than the average rate charged by Nevada attorneys practicing consumer protection law.**

In 2010 and 2011, attorneys in every state and U.S. territory took part in a national survey to determine the average rates charged by attorneys practicing consumer protection law. *See* United States Consumer Law Attorney Fee Survey Report 2010-2011, at 1 of 62, attached as Exhibit 4. The results of the survey are grouped by "years of practice, firm size, practice location, degree of practice concentration, reputation, advertising, personal client relationships, and other factors. *Id*. at 7 of 62. For firm located in Nevada, the survey shows that the average

hourly rate for attorneys practicing consumer protection law is $362. *Id*. at 15 of 62. Plaintiffs' attorneys' average rates are well below this average rate charged by Nevada attorneys practicing consumer protection law.

### ii. Plaintiff's attorneys' hourly rates is in line with the Laffey Matrix.

The Civil Division of the United States Attorney's Office for the District of Columbia created the Laffey Matrix to track hourly rates for attorneys of varying experience levels, as well as paralegals and law clerks, to be used in cases in which "fee-shifting" provisions permit prevailing parties to recover "reasonable" attorney's fees. The Laffey Matrix is based on the hourly rates allowed by the district court in *Laffey v. Northwest Airlines, Inc.,* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part*, *rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). The hourly rates approved by the district court in *Laffey* were for work done principally in 1981-82. The Laffey Matrix begins with those rates. S*ee Laffey*, 572 F. Supp. at 371 (attorney rates); *id*. at 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods are determined by adding the change in the cost of living to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The D.C. Circuit implicitly endorsed use of the Laffey Matrix in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (*en banc*). Plaintiff's attorneys' hourly rates are in line with the Laffey Matrix.

### Conclusion

Under the fee-shifting provision included in the FDCPA, this Court must award attorneys' fees to Plaintiff because he successfully enforced his claims against Defendant. The award should not be conditioned upon, and need not be proportionate to, the amount of damages that recovered. Rather, it should be based on a simple lodestar calculation: the product of reasonable hours times a reasonable rate. Plaintiff's attorneys spent 35.5 hours successfully litigating their claims, for which Plaintiff seek only 30.2 hours worth of time, at an average hourly rate of $194. They attest that both their time entries and their hourly rates are reasonable.

Page 8 of 10

Courts across the country, including this Court, have found such rates to be reasonable. Indeed, their average hourly rate is less than the average rate charged by Nevada consumer protection attorneys and is in line with the Laffey Matrix. Plaintiff is therefore entitled to a lodestar award of $11,740.50.

DATED this 9th day of July, 2014

                                                  COGBURN LAW OFFICES

By: /s/ Jamie S. Cogburn, Esq.
    JAMIE S. COGBURN, ESQ.
    Nevada Bar No. 008409
    JASON C. BARRON, ESQ.
    Nevada Bar No. 07270
    2879 St. Rose Parkway, Suite 200
    Henderson, NV 89052
    Attorneys for Plaintiff

**PROOF OF SERVICE**

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 2879 St. Rose Pkwy, Suite 200, Henderson, NV 89052. On July 9th, 2014, I served the within document(s):

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

☐ By **U.S. Mail** a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

X By **CM/ECF/Clark County Wiznet Filing Pursuant to EDCR 8.05(a)** – with the United States District Court of Nevada, or Clark County District Court, District of Nevada EDCR 8.05(a), a copy of the Court's notification of e-filing is attached to the hard copy for either faxing, mailing, overnight delivery, and/or hand-delivery.

☐ By **Facsimile Transmission** – the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is **attached** to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

☐ By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ By personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

**Christopher L. Benner, Esq.**
**WRIGHT, FINLAY & ZAK, LLP**
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
**Attorney for Defendants**

I declare under penalty of perjury that the foregoing is true and correct.

    /s/ Kristin Little
An employee of Cogburn Law Offices

**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ
Nevada Bar No. 08409
jsc@cogburnlaw.com
JASON C. BARRON, ESQ.
Nevada Bar No. 07270
jbarron@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN FEELY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, a foreign limited liability company; and COMPASS RESOLUTION SERVICES, LLC, a foreign limited liability company,<br><br>Defendants. | Case No.: 2:13-cv-00634-RCJ-CWH |

### AFFIDAVIT OF JAMIE S. COGBURN, ESQ. IN SUPPORT OF MOTION FOR ATTORNEYS' FEES and COSTS

I, Jamie S. Cogburn, Esq., being duly sworn, hereby declare, subject to the penalties of perjury of the State of Nevada and the laws of the United States, that the assertions in this affidavit are true and correct based upon my personal knowledge. I make this affidavit in support of Plaintiff's Application for Fees and Costs:

1. I have personal knowledge of the foregoing testimony, such testimony is true and accurate based upon my personal knowledge.

2. I am an attorney licensed to practice law in the State of Nevada, am the managing partner of Cogburn Law Offices and am counsel of record for the Plaintiff in the above entitled action. I make this Declaration in support of the Motion for Attorneys' Fees and Costs.

Page 1 of 3

3.  Cogburn Law Offices devotes a majority of its practice to consumer law disputes, wherein we have represented well over a thousand (1,000) consumers in negotiation or litigation to a successful resolution.

4.  I have been practicing law in Nevada for ten (10) years, focusing almost exclusively on the representation of consumers.

5.  Cogburn Law Offices has undertaken the necessary due diligence up to this juncture, including but not limited to, researching all legal issues and performing diligent factual investigation of this matter.

6.  Cogburn Law Offices has represented numerous consumers in Fair Debt Collection Practices Act (FDCPA) disputes and has a track record of success.

7.  Cogburn Law Offices also has experience in class action cases as we have acted as co-lead counsel and been heavily involved in many other class action cases on behalf of plaintiffs involving FDCPA, among other matters.

8.  Mr. Welsh and Mr. Cullen are no longer employed by Cogburn Law Offices and therefore have not submitted an Affidavit. While employed by Cogburn Law Offices, their normal hourly rate for matters such as this is as set forth in the Motion for Fees and such amounts is adopted herein by this reference as if set forth fully.

9.  My firm has incurred a total of $11,740.50 in reasonable attorneys' fees and necessary out-of-pocket expenses in this litigation of $499.80. Plaintiffs' counsel's rates and time sought are broken down as follows:

| | | |
|---|---|---|
| JAMIE S. COGBURN, ESQ. | $305.00 at .7 hrs = | $213.50 |
| JASON C. BARRON, ESQ. | $305.00 at 6.9 hrs. = | $2,104.50 |
| LARSON A. WELSH. ESQ | $295.00 at 14.2 = | $4,189.00 |
| PAUL CULLEN, ESQ. | $275.00 at 12.6 hrs. = | $3,465.00 |
| KRISTIN LITTLE | $135.00 at 13.1 hrs= | $1,768.50 |

**Total Time: 47.5/ Total Fees: $ 11,740.50**

10. Plaintiff's costs are $499.80 and broken down as follows: Postage: 3.70; Copies 33.60; Fax 2.50; Process Service 110.00; Filing Fee 350.00

11. I have read the foregoing Affidavit, consisting of five (5) pages, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of July 2013.

/S/ Jamie S. Cogburn
_____
JAMIE S. COGBURN, ESQ.

SUBSCRIBED and SWORN to before me, a Notary Public, this 9th day of July, 2013.

_____
Notary Public, in and for the County of Clark, Nevada



KRISTIN LITTLE
Notary Public-State of Nevada
APPT. NO. 10-1351-1
My App. Expires December 17, 2017

COGBURN LAW OFFICES
2879 St. Rose Pkwy, Suite 200
Henderson, NV 89052
(702) 384-3616  FAX: (702) 943-1936