1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

SEAN FEELY,                                                          )
                                                                     )
11

              Plaintiff,                  )          Case No.  2:13-cv-00634-CWH
                                                                     )
12

vs.                                                                  )          **ORDER**
                                                                     )
13

CARRINGTON MORTGAGE                                                  )
      SERVICES, LLC, *et al.*,                                   )
14

             Defendants.                 )
                                                                     )
15

_____)

16

**INTRODUCTION**

17

       This matter is before the Court on Plaintiff Sean Feely's ("plaintiff") motion for attorneys' fees

18

and costs.  See Doc. # 27.  After a careful consideration of the pleadings and relevant exhibits

19

submitted by the parties, and for the reasons set forth below, this Court **grants in part and denies in**

20

**part** plaintiff's motion.

21

**BACKGROUND**

22

       In 2011, plaintiff defaulted on his loan for real property located at 8160 White Mill Court, Las

23

Vegas, NV 89131 ("property"), which resulted in a notice of trustee's sale against the subject property.

24

Following foreclosure proceedings, Defendants Carrington Mortgage Services, LLC and Compass

25

Resolution Services, LLC ("defendants") attempted to collect on a balance purportedly due from

26

plaintiff.  In or around January 2013, plaintiff retained counsel to file a complaint against defendants,

27

alleging that defendants' communications with plaintiff violated the Fair Debt Collection Practices Act

28

("FDCPA").

1    Plaintiff's complaint was filed on April 15, 2013. See Doc. # 1. Defendants filed their answer

2    on June 6, 2013. See Doc. # 6. Then, on March 5, 2014, the parties entered into a settlement

3    agreement that awarded plaintiff statutory damages in the amount of one thousand dollars ($ 1,000).

4    The parties, however, were unable to agree on the question of attorneys' fees.

5    On July 9, 2014, plaintiff filed the instant motion for attorneys' fees and costs under the fee-

6    shifting provision of the FDCPA. See Doc. # 27. Defendants filed an opposition on July 16, 2014 and

7    plaintiff filed a reply on July 21, 2014. See Doc. # 29; Doc. # 30. This Court subsequently ordered

8    plaintiff to file a supplemental brief to his motion. See Doc. # 31. Plaintiff filed his supplemental brief

9    on September 23, 2014, to which defendants filed a response on September 30, 2014. See Doc. # 32;

10   Doc. # 34. Thereafter, plaintiff filed a notice, attaching the exhibits cited in his motion and reply. See

11   Doc. # 35; Doc. # 36.

12                                          **DISCUSSION**

13   **1.     Legal Standard**

14   A successful plaintiff is entitled to reasonable attorney's fees and costs in an FDCPA action.

15   See 15 U.S.C. § 1692k(a)(3). Reasonable attorney's fees are calculated using the lodestar method,

16   which involves multiplying the number of hours "reasonably expended" on the litigation by a

17   "reasonable hourly rate." See Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983); Camacho v.

18   Bridgeport Fin., Inc., 523 F.3d 973, 982 (9th Cir. 2008). The lodestar is "presumptively reasonable"

19   but may be adjusted upward or downward. See City of Burlington v. Dague, 505 U.S. 557, 562

20   (1992); Camacho, 523 F.3d at 982.

21   In determining whether to adjust the lodestar, a court may consider the following twelve

22   factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3)

23   the skill required to perform the legal service properly; (4) the preclusion of other employment by the

24   attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent;

25   (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

26   obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case;

27   (11) the nature and length of the professional relationship with the client; and (12) awards in similar

28   cases. See Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975). These factors ultimately

1      help a court determine whether to "exclude from the lodestar amount hours that are not reasonably

2      expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v.

3      Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

4      **2.      Analysis**

5              The issue before this Court is whether plaintiff's fees proposal constitutes reasonable attorneys'

6      fees.  Plaintiff requests attorneys' fees in the amount of $ 11,740.50.  The amount reflects 47.5 hours

7      of work at a billing rate of:  (1) $ 305 per hour for attorneys Jamie S. Cogburn ("Cogburn") and Jason

8      C. Barron ("Barron"); (2) $ 295 per hour for attorney Larson A. Welsh ("Welsh"); (3) $ 275 per hour

9      for attorney Paul Cullen ("Cullen"); and (4) $ 135 per hour for non-attorney Kristin Little ("Little").

10             **a.      Proportionate Fees**

11             Plaintiff contends that an award of attorneys' fees is appropriate in this case and mandated by

12     the FDCPA.  Plaintiff also contends that courts have recognized the amount of attorneys' fees

13     requested need not be proportionate to the final award of damages in order "to encourage able counsel

14     to undertake FDCPA cases."  Doc. # 27 at 5.  Defendants, in opposition, question the propriety of

15     counsel "billing over $ 10,000 more than the damages settled upon."  Doc. # 34 at 3.

16             To "encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary

17     that counsel be awarded fees commensurate with those which they could obtain by taking other types

18     of cases."  Camacho, 523 F.3d at 981.  In furthering this goal, therefore, "attorney[s'] fees must not

19     hinge on a percentage of actual damages awarded."  St. Bernard v. State Collection Serv., Inc., 782

20     F. Supp. 2d 823, 826 (D. Ariz. 2010).  Given such, plaintiff's fees request is not per se unreasonable

21     simply because it is over ten times greater than the damages awarded to plaintiff in the instant case.

22             **b.      Hourly Rates**

23             Plaintiff contends that courts, including courts in this district, have found hourly rates of $ 300

24     or greater to be reasonable in FDCPA cases.  See Doc. # 27 at 7 (citing, among others, Fitzimmons v.

25     Rickenbacker Fin., Inc., No. 2: 11-CV-1315 JCM PAL, 2012 WL 3994477, at *4 (D. Nev. Sep. 11,

26     2012)).  Moreover, Cogburn, in his affidavit, declares that the Cogburn Law Office specializes in

27     consumer protection cases and has represented over a thousand consumers in such cases to a successful

28     resolution, including FDCPA cases, thereby establishing a track record of success that supports the

1    requested hourly rates.  Plaintiff then points out that counsels' average hourly rates are less than the

2    average rate, $ 362, charged by Nevada attorneys practicing consumer protection law.  See Doc. # 27

3    at 7 (citing U.S. Consumer Law Attorney Fee Survey Report 2010-2011, at 1).  Plaintiff further points

4    out that counsels' hourly rates are in line with the Laffey Matrix, which tracks hourly rates for

5    attorneys, paralegals, and law clerks of varying experience levels in cases involving fee shifting

6    provisions.

7          Defendants, in opposition, argue that plaintiff errs in citing to Fitzimmons because Fitzimmons,

8    unlike the instant case, involves "a default with a total of less than 7 hours of total attorney time."

9    Doc. # 29 at 3.  Defendants also assert that plaintiff's counsel fails to "extensively argu[e]" the twelve

10   factors courts consider in determining lodestar adjustments.  Doc. # 34 at 2-3 (citing Tolentino v.

11   Friedman, 46 F.3d 645, 651 (7th Cir. 1995).

12         The "established standard when determining a reasonable hourly rate is the rate prevailing in

13   the community for similar work performed by attorneys of comparable skill, experience and

14   reputation."  Camacho, 523 F.3d at 971.  The "community," or forum district, is the relevant market

15   for determining reasonable attorneys' fees.  Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

16   "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community

17   and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are

18   satisfactory evidence of the prevailing market rate."  United Steelworkers of Am. v. Phelps Dodge

19   Corp., 896 F.3d 403, 407 (9th Cir. 1990).

20         Here, plaintiff requests attorney rates of $ 305 per hour for Cogburn and Barron, $ 295 per hour

21   for Welsh, and $ 275 per hour for Cullen.  The Court finds that these rates are reasonable and well

22   within the prevailing rate in the District of Nevada, and in other federal districts, for similar work.  See

23   e.g., Fitzimmons, 2012 WL 3994477, at *4; Laffey Matrix – 2003-2014, Dep't of Justice,

24   http://www.justice.gov/usao/dc/divisions/civil.html; U.S. Consumer Law Attorney Fee Survey Report

25   2010-2011.  The Court also finds that defendants fail to show these rates are unreasonable within the

26   meaning of § 1692k(a)(3).  Indeed, defendants' attempt to distinguish Fitzimmons is superficial and

27   unavailing.  Defendants' assertion regarding plaintiff's counsels' purported failure to "extensively

28   argu[e]" the twelve factors courts consider is equally unavailing, especially since defendants fail to

1   cite any authority from this circuit requiring such.

2       Meanwhile, plaintiff requests a rate of $ 135 per hour for non-attorney Little.  The Court has

3   reviewed Little's time records and finds that the tasks Little performed are secretarial in nature.  See

4   Doc. # 33 at 7-30 (Little's tasks include reviewing the case, drafting and finalizing court documents

5   and correspondence, saving and retrieving information, filing documents, setting calendar, preparing

6   service and other packets, entering and updating information, and contacting attorneys and the Court).

7   For secretarial work to be included in an award of attorneys' fees, plaintiff  must show that billing

8   secretarial expenses separately, at a profit, is the prevailing practice in this forum.  See Trustees of

9   Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir.

10  2006) ([F]ees for work performed by non-attorneys such as paralegals may be billed separately, at

11  market rates, if this is 'the prevailing practice in a given community.'").  Because plaintiff fails to

12  provide this Court with any information of local billing practices relating to secretarial work, or

13  information demonstrating that $ 135 is a reasonable hourly rate for a legal secretary or paralegal in

14  this district, the Court excludes Little's billings from the lodestar amount.

15          **c.      Hours Expended**

16      Plaintiff argues that the fees requested are supported by the time records as follows:  (1) 0.7

17  hours by Cogburn; (2) 6.9 hours by Barron; (3) 14.2 hours by Welsh; and (4) 12.6 hours by Cullen.

18  Plaintiff then points to counsels' declarations, which purportedly allege that the time spent litigating

19  plaintiff's claims is reasonable, necessary, and compensable, especially since nearly a year passed

20  before the parties reached settlement and considerable time was spent on discovery, notwithstanding

21  the time spent on pleadings and pre-litigation matters.  Plaintiff further points out that although counsel

22  spent 35.5 hours litigating his claims, counsel seeks only 30.2 hours worth of litigation time.

23      Defendants, in opposition, argue that plaintiff's counsel spent an "inordinate" amount of time

24  on this matter, especially in light of counsels' claimed expertise in the FDCPA.  Defendants add that

25  "continual litigation" over attorneys' fees, along with "repeated turnover" in this matter, "needlessly

26  complicate[d] and extend[ed]" this matter, and should not be borne by defendants.  Doc. # 29 at 5.

27  Based on the time records provided, moreover, defendants suggest that plaintiff's counsel  "double-

28  //

1    billed" work.  See Doc. # 34 at 2 (citing Doc. # 33 at 7, 3/15/2013 entry of KL and LAW).[1]

2    Defendants further suggest that several of the time record entries are for "purely clerical work" and

3    "interoffice communication," while others appear to involve "turnover in matter handling," which

4    defendants should not be expected to pay.  Id. at 3.  Given such, defendants submit that plaintiff be

5    awarded no more than $ 999.00 in attorneys' fees.

6         A fees applicant bears the burden of establishing the hours reasonably expended in litigating

7    a case, and must submit detailed time records supporting the number of hours expended.  Hensley v.

8    Eckerhart, 461 U.S. 424, 433, 437 (1983); Welch v. Met. Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir.

9    2007).  "Reasonably expended" time refers to time that "could reasonably have been billed to a private

10   client."  Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).  To this end, a fees

11   applicant must exercise "sound billing judgment" regarding the number of hours worked, and a court

12   may exclude hours not reasonably expended, such as hours incurred from overstaffing, or hours that

13   are excessive, redundant, or unnecessary.  Hensley, 431 U.S. at 433; Van Gerwen, 214 F.3d at 1045.

14        As a preliminary matter, this Court notes that while plaintiff points to counsels' declarations,

15   which purportedly support the necessity, reasonableness, and compensability of the hours expended

16   in this case, the Court could find no declarations apart from Cogburn's lone affidavit.[2]  Nevertheless,

17   after a review of counsels' time records, this Court finds that evidence exists supporting plaintiff's

18   contention, while undermining defendants' assertions.  Thus, the Court concludes that plaintiff's

19   counsel reasonably expended 34.4 hours in the instant case.[3]

20        **d.    Litigation Costs**

21        Plaintiff incurred costs in the amount of $ 499.80, which the parties do not dispute.  Upon

22   review of these costs, the Court finds that the total amount requested is reasonable.

23   //

24

25   [1] Because plaintiff is not entitled to non-attorney fees, this Court finds that defendants' assertion regarding double-
26   billing with respect to Kittle and Welsh is moot.

27   [2] Cogburn, in his affidavit, alleges that Welsh and Cullen are no longer with the Cogburn Law Office and, thus, their
     affidavits are not included with the instant motion.  However, Cogburn fails to account for the absence of Barron's affidavit.

28   [3] The Court subtracts Little's 13.1 hours from the 47.5 total hours reported by plaintiff.

1

## CONCLUSION AND ORDER

2      Based on the foregoing, **IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees

3   and costs (doc. # 27) is **granted in part and denied in part**.  The Court awards plaintiff attorneys'

4   fees in the amount of $ 9,972.00 and costs in the amount of $ 499.80.

5      DATED: November 14, 2014

6

7   _____
**C.W. Hoffman, Jr.**
8   **United States Magistrate Judge**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28